IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, ) | |
| ) | C/A No. 1:08-3049-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Bridgestone Firestone Tire Company, ) | |
| Ford Motor Company, ) | |
| Donnie Howard, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On September 3, 2008, Plaintiff Adrian Marion Smith, a detainee at the Aiken County Detention Center, proceeding *in forma pauperis*, filed a *pro se* complaint in this court. Three Defendants were named in the complaint: Bridgestone Firestone Tire Company; Ford Company; and Donnie Howard, Plaintiff's uncle. See Compl. Plaintiff alleges that Defendants Bridgestone Firestone Tire Company and Ford Company are liable for the wrongful death of Plaintiff's mother. Id. at 3. Plaintiff further alleges that Defendant Howard "swindled" Plaintiff out of settlement money stemming from his mother's death. Id. at 4-5.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows a district court to summarily dismiss a case brought *in forma pauperis* upon a finding that the action fails to state a claim on which relief may be granted, or is frivolous or malicious. On September 16, 2008, the Magistrate Judge issued a Report and Recommendation in which he determined that complete diversity did not exist between the parties, and that the complaint did not raise a federal question.

Accordingly, he recommended that the case be dismissed for a lack of subject-matter jurisdiction. Report and Recommendation 3-5. Plaintiff filed an objection to the Report and Recommendation on September 23, 2008. Objection to the Report and Recommendation. On October 6, 2008, Plaintiff filed a motion for discovery. Mot. for Disc. A motion filed on December 30, 2008 was construed by this court both as a motion for summary judgment and a motion to stay. Mot. for Summ. J.; Mot. to Stay. Finally, Plaintiff filed a motion for extension of time on January 7, 2009. Mot. for Extension of Time.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

FED. R. CIV. P. 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court of Appeals for the Fourth Circuit has established that while the question of subject-matter jurisdiction can be raised at any point during the litigation, dispensing of the issue at the "outset of the litigation is often the most efficient procedure." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). This court need not hold an evidentiary hearing to determine if subject-matter jurisdiction exists, rather, it can render a decision based solely on the pleadings. Id.

The Magistrate Judge is correct in noting that there are two primary bases for federal subject-matter jurisdiction. Report and Recommendation 4. The first vests the district court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second vests the district court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" that is determined to be between either "1) citizens of different States; 2) citizens of a State and citizens or subjects of a foreign state; 3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; or 4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). As the instant matter deals only with domestic parties, the question is whether this action is between "citizens of different states." To meet this diversity requirement, it must be established that complete diversity exists, that is to say that "one side of the controversy are citizens of different states from all parties on the other side." U.S. Fid. & Guar. Co. v. A & S Mfg. Co., Inc., 48 F.3d 131, 132-33 (4th Cir. 1995).

The Magistrate Judge determined that this complete diversity did not exist as Plaintiff's complaint indicated that, at the time the complaint was filed, he and at least one of the Defendants were residents of South Carolina. Report and Recommendation 5. Plaintiff maintains that the diversity jurisdiction requirement has been met both because he has a brother, involved in the automobile accident at the heart of this matter, who is a resident of Georgia and because Plaintiff was previously incarnated in multiple penal facilities in Augusta, Georgia. Objections to Report and Recommendation 4. The residency of Plaintiff's brother is immaterial to the required diversity of the parties named in this lawsuit. As for Plaintiff's previous detention in Georgia, when confronted with a diversity jurisdiction question, "the controlling consideration is the domicile of the

3

individual." Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977).  The Supreme Court has stated that "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v. Torrance, 9 Wheat 537, 539 (1824)).  When one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled before his incarceration.  See Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992) (unpublished).  This presumption can only be rebutted by statements in the complaint indicating a "bona fide intention to change [Plaintiff's] domicile to the place of his incarceration." Jones, 552 F.2d at 251.

In his complaint, Plaintiff indicated that he was currently confined in the "Aiken County [South Carolina] Detention Center."  Compl. 2.  He appears to have been a domiciliary of South Carolina prior to his present incarceration and has made no indication that he wishes to change the geographic location of his domicile.[1]  As such, the Magistrate Judge correctly concluded that, for the purposes of determining jurisdiction, Plaintiff is a citizen of South Carolina.

Having determined that diversity jurisdiction does not exist, the only other means of subject-matter jurisdiction available to this court is "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.  But as the Magistrate Judge indicates, at no point in Plaintiff's complaint does he point to a particular federal statute, constitutional provision, or treaty obligation which Defendants alleged conduct could have violated.  At no point in his written objections to the Report and Recommendation does Plaintiff cure this jurisdictional defect.  Plaintiff points to previous suits

---

[1]     In the complaint, Plaintiff indicates that he lived with Defendant Howard after the death of his mother.  Compl. 3.  Defendant Howard's address, as provided by Plaintiff, is 5 River Ridge Road, Marietta, South Carolina.

4

involving similar facts and parties where subject-matter jurisdiction was established, but these cases cannot remedy the lack of jurisdiction in the instant matter.

After reviewing the entire record, the applicable law, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, the court hereby dismisses the complaint in this matter without prejudice and without issuance of service and process.  The pending motions for: discovery (Entry 10), summary judgment (Entry 17), stay (Entry 17), and extension of time (Entry 20) are hereby **denied**.

     **IT IS SO ORDERED**.

              s/Margaret B. Seymour
              United States District Judge

February 18, 2009

Columbia, South Carolina

<u>**NOTICE OF RIGHT TO APPEAL**</u>

Plaintiff hereby is notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.